**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-8168**

———————————

MICHAEL ISIAH LAWRENCE,

          Petitioner – Appellant,

     v.

COMMONWEALTH OF VIRGINIA,

          Respondent – Appellee.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:09-cv-00459-jct-mfu)

———————————

Submitted: January 6, 2010      Decided: January 25, 2010

———————————

Before MICHAEL, MOTZ, and KING, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Michael Isiah Lawrence, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Isiah Lawrence seeks to appeal the district court's order treating his motion for post-conviction DNA testing as a successive 28 U.S.C. § 2254 (2006) petition, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Jones v. Braxton, 392 F.3d 683, 687 (4th Cir. 2004); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Lawrence has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Lawrence's notice of appeal and informal brief as an application to file a second or successive petition under 28 U.S.C. § 2254. United States v.

2

Winestock, 340 F.3d 200, 208 (4th Cir. 2003).  In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense.  28 U.S.C. § 2244(b)(2) (2006).  Lawrence's claims do not satisfy either of these criteria.  Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED